# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

RENA THOMAS, )
 )
      Plaintiff, )
 )
v. )
 )
CRUSH ENTERPRISES, INC. d/b/a )
JAN-PRO CLEANING SYSTEMS; )
 )   Case No. CIV-16-773-W
and )
 )
SOUTHWEST AMBULATORY SURGERY )
CENTER, LLC d/b/a OKLAHOMA )
CENTER FOR ORTHOPAEDIC & MULTI- )
SPECIALTY SURGERY, LLC. )
 )
      Defendants. )

## COMPLAINT

Plaintiff, Rena M. Thomas, ("Plaintiff") for her Complaint against the above-named Defendants alleges and states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is an African-American female individual residing in Oklahoma County, State of Oklahoma.

2. Defendant, Crush Enterprises, Inc. d/b/a Jan-Pro ("Jan-Pro") is a Domestic for Profit Business Corporation conducting business in the State of Oklahoma and is subject to the jurisdiction of this Court.

3. Defendant, Southwest Ambulatory Surgery Center, LLC d/b/a Oklahoma Center for Orthopedic & Multi-Specialty Surgery, LLC ("OCOM") is a Domestic Limited

Liability Company conducting business in the State of Oklahoma and is subject to the jurisdiction of this Court.

4. Jurisdiction of this Court exists pursuant to Title 42 U.S.C. §2000e, Title 42 U.S.C.§§ 1983 and pursuant to the 14th Amendment to the United States Constitution.

5. Plaintiff has exhausted her administrative remedies by timely filing a Charge of Discrimination with the EEOC on or about September 14, 2015 and by receiving her right to sue letter from the EEOC on or about April 8, 2016. This case is timely filed within 90 days of Plaintiff's receipt of her right to sue letter.

## FACTUAL PREDICATE AND CLAIM FOR RELIEF

6. All of the actions herein took place in Oklahoma County, Oklahoma, and Defendants are located in and may be served in such County.

7. Plaintiff is an adult African-American female who was hired by Defendant, OCOM on or about 2006.

8. Plaintiff performed housekeeping services for OCOM at their hospital located at 8100 S. Walker, Building C in Oklahoma City, Oklahoma from 2006 to 2015.

9. During her employment Plaintiff was promoted for her exemplary work from housekeeper to Director of Housekeeping.

10. Beginning in or around 2011 Plaintiff began making complaints to her supervisors Jerry Forehand, Sherry Wagner, and Jeff Bibb about a hostile work environment, racial discrimination, and preferential treatment by her co-workers and supervisors at OCOM.

11. The complained of treatment included:

      a. Being blamed for the poor work performances of white co-workers;

      b. Being expected to remedy the poor performances of white co-workers;

      c. Management's failure to reprimand the poor performance and tardiness of white co-workers;

      d. Preferential treatment given to the Director of Nursing's son;

12. In responses to these complaints, Plaintiff was told to "play the game" and that she should "just be glad [she] has a job."

13. In a follow-up meeting with Sherry Wagner and Jeff Bibb regarding her complaints, Plaintiff was told "there is something going on that you don't know about" and "I hope you got [sic] your ducks in a row."

14. On or about August 22, 2012, Plaintiff wrote an email to Jeff Bibb, Sherry Wagner, and Regional Vice President Steve Hendley further setting forth her complaints of discrimination and hostile work environment.

15. In this email, Plaintiff complained about the preferential treatment given to Jeremy Wyer, the son of the director of nursing, and Plaintiff described an incident where director of nursing complained to Plaintiff about a "big black housekeeper" not doing their duties.

16. On or around August of 2012, after making numerous complaints, Plaintiff, during a meeting with Jeff Bibb, Sherry Wagner and Tony Craig was informed that she was "Jan-Pro now."

17. Upon information and belief, approximately 5 to 6 members of the housekeeping staff were transferred to Jan-Pro. Including Plaintiff, all members of the staff

that were transferred were black. Upon information and belief, the housekeeping staff that remained with OCOM was white, and as a result of this preferential treatment these employees retained certain benefits that were denied to the black employees who were transferred to Jan-Pro.

18. Upon information and belief, OCOM entered into an agreement with Jan-Pro in an effort to escape liability for its treatment of Plaintiff.

19. This transition by OCOM resulted in Plaintiff being responsible for identical duties but elimination of her work benefits. Some of the eliminated benefits included the loss of Plaintiff's accrued paid vacation, quarterly bonuses, diminished pay scale, and the option of taking bereavement leave after the death of her son.

20. Given that Plaintiff continued to work in the same environment with identical co-workers/supervisors, the complained of hostile work environment, racial discrimination, and preferential treatment continued.

21. Again after these instances Plaintiff made complaints to the owner of Jan-Pro, Tony Craig. Nothing changed as a result of these complaints.

22. In 2015, Plaintiff's daughter was employed by OCOM's business offices as an insurance verifier.

23. In or around August of 2015, OCOM terminated Plaintiff's daughter's employment.

24. After her daughter's termination, Plaintiff, at her daughter's request, went to the OCOM offices to retrieve her personal items. During her employment, Plaintiff often performed work at these offices and interacted with co-workers there frequently.

25. While there to retrieve her daughter's belongings, Plaintiff was confronted by the business office manager berated and told not "to touch her stuff."

26. After this confrontation, Plaintiff left and was subsequently contacted by Tony Craig who informed Plaintiff that "they no longer want you on the property" due to the "fallout with your daughter" and that she was terminated.

### FIRST CAUSE OF ACTION
### VIOLATION OF TITLE VII – TITLE 42 U.S.C. §2000e AND TITLE 42 U.S.C. § 1981

Plaintiff incorporates the allegations contained in paragraphs 1 - 26.

27. Plaintiff's action is one for race discrimination, harassment, and retaliation in employment which is prohibited by Title VII of the Civil Rights Act of 1964, as amended, and by Oklahoma's public policy as prohibited by Oklahoma's anti-discrimination statutes. Race discrimination is also prohibited by the Fourteenth Amendment to the United States Constitution and is made actionable by 42 U.S.C. § 1983. Jurisdiction of the federal claims is vested in this Court under 42 U.S.C. §2000e - 5(f), 28 U.S.C. §§ 1331, 1343 (a)(3). The state law claims arise out of the same core of facts and jurisdiction over them is vested under 28 U.S.C. §1367.

28. Jurisdiction is invoked under 28 U.S.C. §1331, 1343 & 1367 and the aforementioned statutory and constitutional provisions. The state law claims arise out of the same core of operative facts.

29. Defendants are employers with the required number of employees, engaged in an industry or activity affecting commerce under Title VII, 42 U.S.C. § 2000e-(b) and (h).

30.    Venue and jurisdiction are proper in the Western District of Oklahoma, the place where the cause of action arose and where the Defendants can be served with process.

31.    Defendants engaged in unlawful intentional discrimination and engaged in discriminatory practices with malice and/or reckless indifference to the federally protected rights of the aggrieved Plaintiff.

32.    Plaintiff's participation and engagement in protected activities afforded by the Civil Rights Act of 1964, as amended, as set forth hereinabove, was a motivating factor in Defendants' retaliation and wrongful termination of Plaintiff. The Defendants' behavior was a pretext for continued harassment and retaliation toward the Plaintiff, and she brings this action under the provisions set forth hereinabove.

## SECOND CAUSE OF ACTION
## VIOLATION OF TITLE VII, 42 U.S.C. § 1981

For Plaintiff's second cause of action she incorporates the allegations contained in paragraphs 27 – 32.

33.    Discrimination and harassment based on race and national origin and retaliation for opposing such discrimination are violations of Title VII and, for the race claim, by 42 U.S.C. § 1981.

34.    Under Title VII Plaintiff is entitled to compensation for her lost earnings, past, present, and future, and dignitary harms including embarrassment, worry, anxiety, and like feelings.

35. Because the actions of Defendants were willful and malicious or, at the least, in reckless disregard of Plaintiff's federally protected rights, Plaintiff is entitled to an award of punitive damages.

### THIRD CAUSE OF ACTION
### VIOLATION OF OKLAHOMA ANTI-DISCRIMINATION ACT
### (OADA) 25 OKLA. STAT. §§ 1101

For Plaintiff's third cause of action she incorporates the allegations contained in paragraphs 33 - 35.

36. Discrimination and harassment based on race, including termination and retaliation for opposing such discrimination and harassment is contrary to Oklahoma's clearly established public policy as set out in the Oklahoma Anti-Discrimination Act (OADA) 25 Okla. Stat. §§ 1101, et seq.

37. As a result of such discriminatory actions Plaintiff has suffered lost earnings, past, present, and future and dignitary harms including worry, anxiety embarrassment and other like emotions.

38. Because the actions of Defendants were either willful and malicious or at least reckless, Plaintiff is entitled to an award of punitive damages.

### PRAYER

WHEREFORE Plaintiff prays that this Court enter judgment in excess of $75,000.00 in favor of the Plaintiff and against the Defendants and assess all actual and punitive damages together with pre and post judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

ATTORNEY LIEN CLAIMED

        Respectfully submitted,

        *s/ T. Matthew Smith*
        Lou Keel, (OBA# 4906)
        T. Matthew Smith, (OBA# 20848)
        HIERSCHE LAW FIRM
        The Hightower Building
        105 North Hudson Ave., Ste. 300
        Oklahoma City, OK  73102
        Telephone: (405) 235-3123
        Facsimile: (405) 235-3142
        luigi91@yahoo.com
        matt@hlfokc.com

        Attorneys for Plaintiff