## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RENA THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CRUSH ENTERPRISES, INC. d/b/a | ) | |
| JAN-PRO CLEANING SYSTEMS; | ) | |
| | ) | Case No. CIV-16-773-W |
| and | ) | |
| | ) | |
| SOUTHWEST AMBULATORY SURGERY | ) | |
| CENTER, LLC d/b/a OKLAHOMA | ) | |
| CENTER FOR ORTHOPAEDIC & MULTI- | ) | |
| SPECIALTY SURGERY, LLC. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CRUSH ENTERPRISES, INC.'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Joshua W. Solberg, OBA #22308
McAfee & Taft A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, Oklahoma  73102-7103
Telephone:  (405) 235-9621
Facsimile:   (405) 235-0439
josh.solberg@mcafeetaft.com

June 30, 2017

## TABLE OF CONTENTS

MOTION FOR SUMMARY JUDGMENT .................................................................. 1

BRIEF IN SUPPORT ............................................................................................... 1

STATEMENT OF THE CASE .................................................................................. 1

INTRODUCTION .................................................................................................... 2

STATEMENT OF UNDISPUTED MATERIAL FACTS ......................................... 5

LEGAL ARGUMENT AND AUTHORITIES ......................................................... 8

RELEVANT STANDARD ON A MOTION FOR SUMMARY
JUDGMENT ............................................................................................................ 8

    I.   PLAINTIFF'S CLAIMS FOR DISCRIMINATION FAIL AS A
       MATTER OF LAW. ..................................................................................... 9

       A.  Plaintiff Cannot Establish A Prima Facie Case Because She
           Cannot Show That Her Termination Took Place Under
           Circumstances Giving Rise To An Inference Of
           Discrimination ................................................................................. 10

       B.  Plaintiff Cannot Show Pretext. ...................................................... 11

    II.  PLAINTIFF'S HARASSMENT CLAIMS FAIL AS A MATTER
       OF LAW. ..................................................................................................... 12

       A.  Plaintiff Was Not Subjected to a Hostile Work Environment ...... 13

       B.  Plaintiff Failed to Report Alleged Harassment to Jan-Pro ........... 15

   III. PLAINTIFF'S RETALIATION CLAIMS FAIL AS A MATTER
       OF LAW. ..................................................................................................... 16

       A.  Plaintiff Cannot Establish A Prima Facie Case Because She
           Did Not Engage In Protected Activity And Plaintiff Cannot
           Show Any Causal Connection Between Her Termination
           And Any Protected Activity .............................................................. 17

       B.  Plaintiff Cannot Show Pretext. ...................................................... 18

**IV. PLAINTIFF'S STATE LAW CLAIMS FAIL**....................................................**19**

**CONCLUSION** ........................................................................................**19**

.

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Adler v. Wal-Mart Stores, Inc.,
    144 F.3d 664 (10th Cir. 1998) .................................................................. 15

Aman v. Dillon Cos., Inc.,
    645 Fed. Appx. 719 (10th Cir. 2016) ........................................................ 16

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986) .................................................................................... 8

Antonio v. Sygma Network, Inc.,
    458 F.3d 1177 (10th Cir. 2006) ................................................................ 19

Argo v. Blue Cross & Blue Shield of Kan., Inc.,
    452 F.3d 1193 (10th Cir. 2006) ................................................................ 17

Bryson v. Renda Broad., Inc.,
    No. 07-CV-0300-CVE-FHM, 2009 WL 931175 (N.D. Okla. April 3,
    2009) .......................................................................................................... 19

Dean v. Computer Scis. Corp.,
    384 Fed. Appx. 831 (10th Cir. 2010) ........................................................ 18

EEOC v. PVNF, L.L.C.,
    487 F.3d 790 (10th Cir. 2007) .................................................................. 10

Fiore v. Fairfield Bd. of Educ.,
    No. 3:07-CV-00926CFD, 2009 WL 2869523 (D. Conn. Sept. 1, 2009)................ 9, 16

Garza v. Henniges Auto.,
    No. CIV-12-1023-D, 2013 WL 6858690 (W.D. Okla. Dec. 30, 2013) ........................ 8

Hamilton v. Boise Cascade Exp.,
    No. 04-266-L, 2006 WL 149023 (W.D. Okla. Jan. 19, 2006).................................... 10

Hinds v. Sprint/United Mgmt. Co.,
    523 F.3d 1187 (10th Cir. 2008) ........................................................... 17, 18

Hirschfeld v. New Mexico Corrs. Dep't,
    916 F.2d 572 (10th Cir. 1990) .................................................................. 15

*Kaul v. Stephan*,
    83 F.3d 1208 (10th Cir. 1996) ................................................................. 9

*Kendrick v. Penske Transp. Servs., Inc.*,
    220 F.3d 1220 (10th Cir. 2000) ............................................................... 11

*Knitter v. Corvias Military Living, LLC*,
    758 F.3d 1214 (10th Cir. 2014) ................................................................. 4

*Lockard v. Pizza Hut, Inc.*,
    162 F.3d 1062 (10th Cir. 1998) ............................................................... 15

*McDonnell-Douglas Corp. v. Green*,
    411 U.S. 792 (1973) ............................................................................. 10, 11

*Melton v. Farmers Ins. Grp.*,
    619 F.Supp.2d 1131 (W.D. Okla. 2008) .................................................. 19

*Petersen v. Utah Dep't of Corr.*,
    301 F.3d 1182 (10th Cir. 2002) .......................................................... 17, 18

*Reeves v. Sanderson Plumbing Prods., Inc.*,
    530 U.S. 133 (2000) ................................................................................ 11

*Sepulvada v. Baker Hughes Oilfield Operations, Inc.*,
    No. CIV-04699-L, 2005 WL 1875092 (W.D. Okla. Aug. 5, 2005) ........... 14

*Sprague v. Thorn Am.'s, Inc.*
    129 F.3d 1355, 1365 (10th Cir. 1997) ..................................................... 13

*Trujillo v. Univ. of Colo. Health Sci. Ctr.*,
    157 F.3d 1211 (10th Cir. 1998) ................................................... 13, 14, 15

*University of Texas Southwestern Medical Center v. Nassar*,
    --- U.S. ---, 133 S. Ct. 2517 (2013) ......................................................... 16

*Voltz v. Coca-Cola Enters., Inc.*,
    91 Fed. Appx. 63 (10th Cir. 2004) .......................................................... 12

**Statutes**

42 U.S.C. § 1981 .......................................................................... 1, 16, 18

Title VII of the Civil Rights Act of 1964 ........................................... 1, 17, 18

Oklahoma Anti-Discrimination Act .......................................................... 1, 19

**Other Authorities**

Fed. R. Civ. P. 56................................................................................................................. 8

**DEFENDANT CRUSH ENTERPRISES, INC.'S MOTION FOR SUMMARY JUDGMENT**

Defendant Crush Enterprises, Inc. d/b/a Jan-Pro Cleaning Systems ("Jan-Pro"), hereby moves for summary judgment on each of the claims brought against it by Plaintiff, Rena Thomas ("Plaintiff").   In support, Jan-Pro respectfully submits the following brief.

**BRIEF IN SUPPORT**

**STATEMENT OF THE CASE**

Plaintiff's Complaint alleges the following claims against Jan-Pro arising out of the termination of her employment by Jan-Pro: 1) a claim for discrimination on the basis of race and national origin; 2) a claim for harassment on the basis of race and national origin; and 3) a claim of retaliation for engaging in protected activity.  See Complaint, ¶¶ 27, 32, 33, 36; Ex. 1.  Plaintiff brings her federal claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981, and state law claims pursuant to the Oklahoma Anti-Discrimination Act (the "OADA").  See Complaint, ¶¶ 27; 33; 36; Ex. 1.  Plaintiff alleges similar claims against co-defendant, Oklahoma Center for Orthopaedic & Multi-Specialty Surgery, LLC ("OCOM") arising out of Plaintiff's employment that pre-dated her employment with Jan-Pro.

Plaintiff's federal discrimination claim against Jan-Pro fails because: (1) Plaintiff cannot establish a requisite *prima facie* case because she cannot show that she was terminated from employment under circumstances that give rise to an inference of

discrimination, and (2) Plaintiff's employment ended for a legitimate, non-discriminatory reason that was not pretextual.

Plaintiff's federal harassment claim fails because she cannot establish a requisite *prima facie* case. Specifically, Plaintiff cannot show that the alleged harassment was motivated by her status in a protected class (i.e., her race/national origin), and she cannot show that she experienced harassment that was severe or pervasive enough to alter the terms, conditions, or privilege of her employment. Further, even if she can establish a *prima facie* case, Plaintiff's harassment claim fails because Plaintiff failed to complain to Jan-Pro about the alleged harassment; therefore, Jan-Pro cannot be liable for any alleged harassment.

Plaintiff's retaliation claim fails because she did not engage in protected opposition to discrimination, and she cannot establish any causal connection between any protected activity and her termination. Further, Plaintiff cannot show that the stated reason for her termination is a pretext.

Lastly, Plaintiff's state law OADA claims fail for the same reasons as her federal claims. Because all of Plaintiff's claims against Jan-Pro fail as a matter of law, Jan-Pro is entitled to summary judgment.

## **INTRODUCTION**

Jan-Pro sells franchises that conduct commercial cleaning services. OCOM is a hospital facility located primarily at 8100 S. Walker in Oklahoma City that specializes in surgical procedures. OCOM and Jan-Pro are not related or affiliated entities and share no common organization or ownership.

Plaintiff was an employee of OCOM from around 2006 until August 30, 2013. Around August 22, 2012, Plaintiff complained to multiple individuals at OCOM about what she perceived to be discriminatory and unlawful treatment. See Complaint, ¶ 14, Ex. 1.

Effective September 1, 2013, more than a year after Plaintiff's complaint to OCOM, Jan-Pro and OCOM entered into an agreement for commercial cleaning whereby Jan-Pro would perform cleaning services at the OCOM location. As part of this arrangement, Jan-Pro hired individuals who had previously been employed by OCOM and who had previously worked in housekeeping. The individuals were hired by Jan-Pro as Jan-Pro employees to perform project-based cleaning services at the OCOM facility. OCOM was Jan-Pro's only customer with this type of relationship and the only customer that Jan-Pro served directly with its employees.

One of the employees hired by Jan-Pro was Plaintiff, who was employed by Jan-Pro as the Housekeeping Manager. Following the transition, Jan-Pro, and Jan-Pro alone, determined the terms and conditions of Plaintiff's employment, including: 1) paying Plaintiff and maintaining employment records pertaining to Plaintiff; 2) exercising

authority to supervise and discipline; and most significantly, 3) exercising the authority to terminate employment.[1]

Plaintiff worked without incident for Jan-Pro from her hire on September 1, 2013 until August 14, 2015.  Plaintiff testified plainly in her deposition that she had no complaints about her employment with Jan-Pro prior to her termination.

On August 14, 2015, OCOM terminated the employment of Plaintiff's daughter. Plaintiff then went to retrieve her daughter's personal effects.  OCOM asked Plaintiff to leave, called the police, and informed Tony Craig, President and co-owner of Jan-Pro, that Plaintiff was no longer allowed on the premises.

Upon being informed that Plaintiff was no longer allowed on the premises, Craig informed Plaintiff of the circumstances and that the client, OCOM, would no longer allow her on their premises.  Craig then informed Plaintiff that she was hired to perform project-based work at OCOM and that there was not another position available for her and terminated her employment.  Craig had no knowledge of Plaintiff's complaint to OCOM in 2012.  Further, Plaintiff made no complaints to Craig about her assignment to OCOM during her employment with Jan-Pro.

Plaintiff has testified under oath that Craig and Jan-Pro did not discriminate or retaliate against Plaintiff when Plaintiff was terminated.  Plaintiff testified:

---

[1] Plaintiff has not asserted that Plaintiff was an employee of both Jan-Pro and OCOM in a joint employment relationship.  See Complaint; Ex. 1.  Nevertheless, it is clear that OCOM was not a joint employer with Jan-Pro.  See Knitter v. Corvias Military Living, LLC, 758 F.3d 1214, 1227-31 (10th Cir. 2014) (holding that a company that did not have the authority to terminate the individual's employment, did not pay the individual directly; and did not have the authority to supervise and discipline the individual beyond the terms of the vendor client relationship was not a joint employer).

```
24          Q.    Okay.   Do you believe that Mr. Craig
25     discriminated against you on the basis of your
race when he terminated you?
       A.    Absolutely not.
       Q.    Do you believe that Mr. Craig retaliated
against you for complaints that you made to him
when he terminated your employment?
       A.    No.   I don't think he retaliated against
me, but I just think that maybe he felt like he
had no choice but to just go with what they said.
```

Plaintiff's Depo., 369:24-370:8; Ex. 2.  The Court should enter summary judgment in favor of Jan-Pro.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

For the purposes of this Motion only, the following facts are undisputed:

1.      Plaintiff was hired by Jan-Pro effective September 1, 2013.  Plaintiff's Depo., 122:7-22; Ex. 2.

2.      Plaintiff was employed by Jan-Pro as a Housekeeping Manager and assigned to work at the OCOM facility.  Plaintiff's Depo., 122:18-123:4; Ex. 2.

3.      Following Plaintiff's hire by Jan-Pro, Jan-Pro paid Plaintiff and maintained employment records for Plaintiff, supervised Plaintiff, and Jan-Pro alone had the authority to terminate Plaintiff's employment.  See T. Craig Depo., 27:1-28:8 (authority

to terminate), 43:1-11 (paying plaintiff and maintaining employment records); Ex. 3; Plaintiff's Depo., 176:3-22 (supervision); Ex. 2.

4.     Upon hire, Jan-Pro provided Plaintiff a handbook with a policy titled "Sexual and Other Unlawful Harassment" that prohibited discrimination and provided a mechanism for reporting discrimination and harassment.  Plaintiff's Depo., 271:14-272:3, 352:16-353:19, 357:4-358:1-24; Ex. 2; Harassment Policy; Ex. 4; Handbook Receipt; Ex. 5.  The policy directed Plaintiff to make reports to Brad Rush or Tony Craig.  Plaintiff's Depo., 358:14-24; Ex. 2; Harassment Policy; Ex. 4.

5.     Plaintiff never contacted Mr. Craig or Mr. Rush pursuant to this policy to make a report of unlawful discrimination or harassment.  Plaintiff's Depo., 358:25-359:24; Ex. 2.

6.     After she began working for Jan-Pro, Plaintiff identified the following single example of harassment: Jeff Bibb, an OCOM employee, told Plaintiff "I'm always watching you.  They are watching you.  Watch what you do.  Watch what you say." Plaintiff believed the "they" was OCOM administration.  Plaintiff's Depo., 136:25-138:14; Ex. 2.

7.     Other than the statements by Bibb in Fact No. 6 above, Plaintiff cannot identify any discriminatory treatment that occurred at OCOM after she became an employee of Jan-Pro on September 1, 2013.  Plaintiff's Depo., 141:6-10; Ex. 2.

8.     Other than her termination, there is nothing that Jan-Pro did that Plaintiff believes was unfair or discriminatory, and Plaintiff has no complaints about her

employment with Jan-Pro other than her termination on August 14, 2015.  Plaintiff's Depo., 354:13-355:15, 356:1-20; Ex. 2.

9.      On or about August 14, 2015, Plaintiff's daughter was terminated from her employment with OCOM.  At the request of her daughter and without notice, Plaintiff went to the business office, an office that she did not go to clean unless specifically asked to, to retrieve her daughter's personal effects.  Plaintiff's Depo., 164:3-167:13, 172:24-173:24; Ex. 2.     Beth Lynn, an OCOM employee, confronted Plaintiff and told her to leave. Plaintiff's Depo., 167:14-22; Ex. 2.  Plaintiff left the facility without taking her daughter's effects and went home.  Plaintiff's Depo., 171:5-14; Ex. 2.

10.     The authorities (police) were called as a result of Plaintiff's attempt to retrieve her daughter's effects.  T. Craig Depo., 21:13-24; Ex. 3.

11.     OCOM called Craig and informed Craig about the incident in Fact No. 9 above and informed Craig that Plaintiff was no longer allowed on the premises. Plaintiff's Depo., 368:16-25; Ex. 2; T. Craig Depo., 16:19-17:15, 21:13-22:4; Ex. 3.

12.     On August 14, 2015, Craig informed Plaintiff of the circumstances and that the client, OCOM, no longer would allow her on their premises.  Craig then informed Plaintiff that she was hired to perform project based work at OCOM and that there was not another position available for her and terminated her employment.  There was no mention of race or any complaints.  Plaintiff's Depo., 92:2-23, 175:8-176:6, 367:20-368:10; Ex. 2; T. Craig Depo., 16:19-17:15, 18:1-19:1; Ex. 3.

13.     Plaintiff does not believe that Craig discriminated against Plaintiff when Craig terminated Plaintiff's employment.  Plaintiff's Depo., 369:24-370:2; Ex. 2.

7

14.     Plaintiff does not believe that Craig retaliated against Plaintiff when Craig terminated Plaintiff's employment.   Plaintiff's Depo., 370:3-8; Ex. 2.

15.     Craig did not have the authority to allow Plaintiff on the OCOM premises to continue her employment.  There were no other customers to transition Plaintiff to and no position for her.  T. Craig.  Depo., 19:18-20:24, 27:6-20; Ex. 3.

16.     Craig had no knowledge of Plaintiff's prior complaints about her employment with OCOM.  T. Craig Depo., 33:4-35:19; Ex. 3; Plaintiff's Depo., 373:11-21; Ex. 2.

## LEGAL ARGUMENT AND AUTHORITIES

## RELEVANT STANDARD ON A MOTION FOR SUMMARY JUDGMENT

Summary judgment should be granted with respect to all or part of a claim where the materials submitted establish that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-52 (1986).

However, if "a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of a claim, all other factual issues concerning the claim become immaterial."  Garza v. Henniges Auto., No. CIV-12-1023-D, 2013 WL 6858690, at *1 (W.D. Okla. Dec. 30, 2013) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

Further, if Plaintiff lacks evidence to support <u>any</u> of the elements of her claim, then summary judgment is appropriate.  <u>See</u> <u>Kaul v. Stephan</u>, 83 F.3d 1208, 1212 (10th Cir. 1996) ("the movant need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim.").  Pursuant to this standard, Plaintiff cannot establish a genuine dispute as to any material fact for trial, and Jan-Pro is entitled to judgment as a matter of law.

## I.   <u>PLAINTIFF'S CLAIMS FOR DISCRIMINATION FAIL AS A MATTER OF LAW.</u>

First, Plaintiff testified clearly that she did not believe that Jan-Pro discriminated against Plaintiff when Craig terminated Plaintiff's employment.  <u>See</u> Fact No. 13.  This alone is sufficient for the Court to enter summary judgment in Jan-Pro's favor on Plaintiff's discrimination claim.  <u>See</u> <u>Fiore v. Fairfield Bd. of Educ.</u>, No. 3:07-CV-00926CFD, 2009 WL 2869523, at *7 (D. Conn. Sept. 1, 2009) (granting summary judgment against plaintiff on her discrimination claim stating, "[Plaintiff] admits that [the decision maker] bore no animus towards her because of her religion or sexual orientation. Thus, no evidence exists that [the decision maker or the defendant] discriminated against [plaintiff] on the basis of her religion or sexual orientation. Accordingly, [plaintiff] has not established a *prima facie* case of discrimination.").

Further analysis (though not necessary) demonstrates that Plaintiff's discrimination claim fails because she cannot establish a *prima facie* case, and even if Plaintiff could establish a *prima facie* case, Plaintiff's claim still fails as she cannot show that Jan-Pro's reason for her termination is a pretext for discrimination.

**A. Plaintiff Cannot Establish A Prima Facie Case Because She Cannot Show That Her Termination Took Place Under Circumstances Giving Rise To An Inference Of Discrimination.**

Plaintiff alleges in her Complaint that she was subjected to discrimination on the basis of her race and national origin when she was terminated.  In response, Jan-Pro contends that Plaintiff was terminated due to Plaintiff no longer being allowed on the OCOM premises (the only project that Plaintiff was hired to work at) and not having another position for her.  See Fact Nos. 9, 11, 12, 15.

As Plaintiff can offer no "direct" evidence of discriminatory intent in the challenged action, and instead relies solely upon circumstantial evidence, Plaintiff's claim must be scrutinized under the familiar burden-shifting framework announced in McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973).  Under this framework, to avoid summary judgment, Plaintiff bears the initial burden of establishing a *prima facie* case of discrimination, and then must identify a genuine issue of material fact regarding the veracity of the employer's proffered reasons for its employment decision.  Id.[2]

To establish her *prima facie* case of discrimination, Plaintiff must generally show that: 1) she is a member of a protected class; 2) she suffered an adverse employment action; and 3) the challenged action took place under circumstances giving rise to an inference of discrimination.  See EEOC v. PVNF, L.L.C., 487 F.3d 790, 800 (10th Cir. 2007)).  Here, Plaintiff cannot demonstrate that her termination took place under

---

[2] The framework is used for both Title VII and Section 1981 claims.  See Hamilton v. Boise Cascade Exp., No. 04-266-L, 2006 WL 149023 (W.D. Okla. Jan. 19, 2006).

circumstances giving rise to an inference of discrimination, and therefore cannot establish her *prima facie* case.

### B. Plaintiff Cannot Show Pretext.

Even if Plaintiff could establish her *prima facie* case, her claim does not survive further analysis. Under the second prong of the McDonnell-Douglas framework, Jan-Pro bears the burden to articulate a legitimate, nondiscriminatory reason for its adverse employment action. Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1225-26 (10th Cir. 2000). The burden facing Jan-Pro is slight—that is, it need only produce a legitimate, non-discriminatory reason for its decision. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000).

Jan-Pro has met its burden. Plaintiff was terminated due to Plaintiff no longer being allowed on the OCOM premises and not having another position for her. See Fact Nos. 9, 11, 12, 15.

Once the employer articulates a nondiscriminatory explanation for its actions, the plaintiff may survive summary judgment solely by establishing "that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Reeves, 530 U.S. at 143. The ultimate burden of persuasion remains at all times with the plaintiff, and she must prove the defendant intentionally discriminated against her on the basis of her protected characteristic. Id.

Plaintiff cannot demonstrate that Jan-Pro's stated reasons contain "'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could

rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.'" Voltz v. Coca-Cola Enters., Inc., 91 Fed. Appx. 63, 68 (10th Cir. 2004) (quoting Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997)).   In fact, Plaintiff testified plainly that the circumstances that led to her exclusion from the OCOM premises occurred and did not question Craig's stated reason for her termination, nor does she contend that OCOM did not inform Craig that Plaintiff was excluded from the premises.  See Fact Nos. 9, 11, 12; Plaintiff's Depo., 368:16-19; Ex. 2.  Even more significantly, Plaintiff testified that she does not believe that Craig discriminated against Plaintiff on the basis of her race when he terminated her employment.  See Fact No. 13.  Accordingly, Jan-Pro is entitled to summary judgment on Plaintiff's discrimination claims.

## II.   PLAINTIFF'S HARASSMENT CLAIMS FAIL AS A MATTER OF LAW.

Plaintiff alleges in her Complaint that she was subjected to harassment on the basis of her race and national origin.  In order to avoid summary judgment, Plaintiff must demonstrate a genuine issue of material fact exists with regard to two issues: 1) that she was subjected to a hostile work environment; and 2) that she complained to Jan-Pro and Jan-Pro failed or neglected to adequately address the problem.  Plaintiff cannot demonstrate either requirement and summary judgment should be entered in Jan-Pro's favor on Plaintiff's harassment claims.

### A.      Plaintiff Was Not Subjected to a Hostile Work Environment.

While Section 1981 and Title VII prohibit harassment on the basis of a person's race, and national origin, respectively, harassment under these statutes is only actionable when workplace conduct reaches the level of a "hostile work environment."  The term "hostile work environment" is a term of art, and not all unpleasant workplace conduct rises to the level of actionable discrimination.  Sprague v. Thorn Am.'s, Inc., 129 F.3d 1355, 1365 (10th Cir. 1997) (not all workplace conduct that may be described as 'harassment' affects a 'term, condition, or privilege' of employment under Title VII.).  Because Plaintiff cannot establish a *prima facie* case of harassment, her hostile work environment claims fail as a matter of law.

To survive summary judgment on a "hostile work environment" claim, Plaintiff must show that under the totality of the circumstances: (1) the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment, and (2) the harassment was motivated by Plaintiff's status in a protected class.  Trujillo v. Univ. of Colo. Health Sci. Ctr., 157 F.3d 1211, 1214 (10th Cir. 1998).  In evaluating whether a work environment is an unlawful hostile work environment, courts must look to "all the circumstances," including "'the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance.'"  Id. (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993)).  Critically, even where a plaintiff can identify a number of racially hostile incidents in the workplace, such a showing is insufficient to survive summary judgment if the incidents are isolated or inconsequential.

Trujillo, 157 F.3d at 1214.   "Rather than sporadic racial slurs, plaintiff must show a steady barrage of opprobrious racial comments."   Sepulvada v. Baker Hughes Oilfield Operations, Inc., No. CIV-04699-L, 2005 WL 1875092, at *5 (W.D. Okla. Aug. 5, 2005) (citation omitted).

Plaintiff has absolutely no evidence to support her claim that she worked in a hostile work environment.  Plaintiff even described her tenure with Jan-Pro as "good." Plaintiff's Depo., 308:6-9; Ex. 2.  As for evidence of her hostile work environment during her time at Jan-Pro, Plaintiff's allegations are limited to an OCOM employee, Jeff Bibb telling Plaintiff, "I'm always watching you.  They are watching you.  Watch what you do. Watch what you say."   See Fact No. 6.   Other than the statements by Bibb, Plaintiff cannot identify any discriminatory treatment that occurred at OCOM after she became an employee of Jan-Pro in September 1, 2013.   See Fact No. 7.   Specifically, Plaintiff testified:

```
    Q.   Can you give me any example of any
treatment you felt was discriminatory when you
started working for Jan-Pro, a specific example?
    A.   I can't say that I can.  All my problems
started with OCOM.
```

Plaintiff's Depo., 141:6-10; Ex. 2.

Plaintiff can point to exactly zero instances of offensive conduct that purports to address her race or national origin.  Where an employee is unable to offer evidence of racially motivated, threatening, or humiliating conduct, or racially offensive utterances,

she simply does not assert a valid hostile work environment claim.  See Trujillo, 157 F.3d at 1214.  Plaintiff offers only vague comments and allegations in support of her claim, none of which are insufficient to create a question of fact for trial.  See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 674 (10th Cir. 1998) ("Vague, conclusory statements do not suffice to create a genuine issue of material fact.").  Accordingly the Court should enter summary judgment on Plaintiff's harassment claims.

### B.    Plaintiff Failed to Report Alleged Harassment to Jan-Pro.

Even if Plaintiff can show that she was subject to a hostile work environment at OCOM during her employment by Jan-Pro (which she cannot), Jan-Pro can only be liable for OCOM's alleged treatment of Plaintiff if Plaintiff further shows that she complained to Jan-Pro and Jan-Pro failed or neglected to adequately address the treatment.  See Hirschfeld v. New Mexico Corrs. Dep't, 916 F.2d 572, 577 (10th Cir. 1990).

Only if Jan-Pro "'fail[s] to remedy or prevent a hostile or offensive work environment of which management-level employees knew, or in the exercise of reasonable care should have known'" can Jan-Pro be liable.  Lockard v. Pizza Hut, Inc., 162 F.3d 1062, 1074 (10th Cir. 1998) (quoting Hirschfeld, 916 F.2d at 577)).

Here, the undisputed facts show that Plaintiff did not complain to Jan-Pro about the alleged harassment.  See Fact No. 5.  Therefore, the Court should enter summary judgment in favor of Jan-Pro.

### III. <u>PLAINTIFF'S RETALIATION CLAIMS FAIL AS A MATTER OF LAW</u>.

Finally, Plaintiff claims that she engaged in conduct protected by Title VII and Section 1981 and that she was subsequently terminated by Jan-Pro in retaliation for that protected conduct.  As with her discrimination claim, Plaintiff testified clearly that she did not believe that Jan-Pro retaliated against Plaintiff when Craig terminated Plaintiff's employment.  <u>See</u> Fact No. 14.  This alone is sufficient for the Court to enter summary judgment in Jan-Pro's favor on Plaintiff's retaliation claim.  <u>See</u> <u>Fiore</u>, 2009 WL 2869523, at *7.  Further analysis (though not necessary) demonstrates that Plaintiff's retaliation claim fails.

Initially, as established by the United States Supreme Court in <u>University of Texas Southwestern Medical Center v. Nassar</u>, --- U.S. ---, 133 S. Ct. 2517 (2013), a plaintiff making a retaliation claim under Title VII must "establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer."  <u>Id.</u> at 2534. It is no longer sufficient for Plaintiff to merely prove that the protected activity was a "motivating-factor."  <u>See</u> <u>id.</u> at 2533.  The same but-for standard applies to Plaintiff's retaliation claims under Section 1981.  <u>See</u> <u>Aman v. Dillon Cos., Inc.</u>, 645 Fed. Appx. 719, 727 n. 5 (10th Cir. 2016) ("For a Title VII or § 1981 retaliation claim, a plaintiff must prove that the desire to retaliate was the but-for cause of the challenged employment action.").

To establish a *prima facie* case of retaliation, Plaintiff must establish: (1) that she engaged in protected opposition to discrimination; (2) that she suffered an adverse action

that a reasonable employee would have found material; and (3) that there is a causal connection between the protected activity and the employer's adverse action.  See Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1193, 1202 (10th Cir. 2006) (citations omitted).  Here, Plaintiff's claim fails because she cannot demonstrate that she engaged in protected opposition to discrimination, and consequently, cannot establish any causal connection between any protected activity and her termination; therefore, she cannot establish a *prima facie* case and her retaliation claim fails.  However, even if Plaintiff could establish a *prima facie* case, Plaintiff's retaliation claim still fails as she cannot show that Jan-Pro's reason for her termination is a pretext for retaliation.

### A. Plaintiff Cannot Establish A Prima Facie Case Because She Did Not Engage In Protected Activity And Plaintiff Cannot Show Any Causal Connection Between Her Termination And Any Protected Activity.

To qualify as protected opposition, Plaintiff must make complaints that convey concern that the employer has engaged in an unlawful discriminatory practice – "[g]eneral complaints … will not suffice[]."  Hinds v. Sprint/United Mgmt. Co., 523 F.3d 1187, 1203 (10th Cir. 2008).  "Title VII does not prohibit all distasteful practices by employers.  [A supervisor] could be unconscionably rude and unfair to [an individual] without violating Title VII.  …  To oppose plain vanilla rude and unfair conduct by [a supervisor] is not to oppose conduct 'made an unlawful practice by [Title VII].'"  Petersen v. Utah Dep't of Corr., 301 F.3d 1182, 1188 (10th Cir. 2002).  "[A]n employee's complaints regarding unfair treatment, no matter how unconscionable, cannot be 'protected opposition to discrimination' unless the basis for the alleged unfair treatment is

some form of *unlawful* discrimination." <u>Dean v. Computer Scis. Corp.</u>, 384 Fed. Appx. 831, 838 (10th Cir. 2010) (quoting <u>Petersen</u>, 301 F.3d at 1188) (emphasis in original).

In this case, there is no evidence that Plaintiff made complaints to Jan-Pro, much less complaints that unlawful discrimination that might qualify as protected opposition under Title VII or Section 1981. <u>See</u> Fact No 5.

Because she did not engage in protected activity, Plaintiff further cannot show a causal connection between any protected activity and her termination, or that the decision maker in her termination (Tony Craig) knew that she was engaging in protected activity (the third element of her *prima facie* case). <u>See</u> <u>Petersen</u>, 301 F.3d at 1188. "An employer's action against an employee cannot be *because* of that employee's protected opposition unless the employer knows the employee has engaged in protected opposition." <u>Id.</u> (emphasis in original and citations omitted). Plaintiff cannot establish a *prima facie* case of retaliation under Title VII. Indeed, a prerequisite to showing a causal connection requires Plaintiff to "<u>first come forward with evidence from which a reasonable fact finder could conclude that those who decided to fire him had knowledge of his protected activity</u>." <u>Hinds</u>, 523 F.3d at 1203 (citations omitted and emphasis added). Craig did not have any knowledge of alleged protected activity. <u>See</u> Fact No. 16. Plaintiff cannot establish a *prima facie* case.

## B. Plaintiff Cannot Show Pretext.

Assuming Plaintiff can establish a *prima facie* case of retaliation (which she cannot do), the burden shifts to Jan-Pro to show a legitimate, non-retaliatory reason for the adverse employment action. To survive summary judgment, Plaintiff must then

identify a genuine issue of material fact that would establish Jan-Pro's proffered reason is merely pretext for illegal retaliation.  <u>Antonio v. Sygma Network, Inc.</u>, 458 F.3d 1177, 1181 (10th Cir. 2006).

As set out above, Jan-Pro has a legitimate, non-retaliatory reason for Plaintiff's termination – namely that Plaintiff was no longer allowed on the premises of OCOM and that Jan-Pro had no other position for Plaintiff.  <u>See</u> Fact Nos. 9, 11, 12, 15.  As Plaintiff cannot establish that the reason offered by Jan-Pro is not the sincere reason for her termination and has no evidence of pretext, Jan-Pro is entitled to summary judgment on Plaintiff's retaliation claim.

## IV. <u>PLAINTIFF'S STATE LAW CLAIMS FAIL</u>.

Plaintiff also appears to bring identical claims to the foregoing under Oklahoma state law, specifically the Oklahoma Anti-Discrimination Act ("OADA").  However, under Oklahoma law, the claims have the same deficiencies and Jan-Pro should be awarded judgment for the same reasons as set out above.  <u>See</u> <u>Melton v. Farmers Ins. Grp.</u>, 619 F.Supp.2d 1131, 1142 (W.D. Okla. 2008) ("plaintiff's [Oklahoma state law] claims fail for the same evidentiary deficiencies that preclude her federal claims."); <u>Bryson v. Renda Broad., Inc.</u>, No. 07-CV-0300-CVE-FHM, 2009 WL 931175, at *14 n. 10 (N.D. Okla. April 3, 2009) (same).  Accordingly, the Court should enter judgment in Jan-Pro's favor on Plaintiff's OADA claims.

## <u>CONCLUSION</u>

WHEREFORE, Jan-Pro respectfully requests that the Court enter judgment in its favor with respect to each of Plaintiff's claims.

Respectfully submitted,

*s/Joshua W. Solberg*

Joshua W. Solberg, OBA #22308
McAfee & Taft A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, Oklahoma  73102-7103
Telephone:    (405) 235-9621
Facsimile:      (405) 235-0439
josh.solberg@mcafeetaft.com

**ATTORNEY FOR DEFENDANT CRUSH ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2017, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lou Keel
T. Matthew Smith
Hiersche Law Firm
The Hightower Building
105 North Hudson Ave., Suite 300
Oklahoma City, OK  73102
luigi91@yahoo.com
matt@hlfokc.com

**ATTORNEYS FOR PLAINTIFF**

Michael L. Carr
Jessica L. Craft
Holden & Carr
15 E. Fifth Street, Suite 3900
Tulsa, OK  74103
MikeCarr@HoldenLitigation.com
JessicaCraft@HoldenLitigation.com

**ATTORNEYS FOR DEFENDANT SOUTHWEST AMBULATORY SURGERY CENTER, LLC**

_s/Joshua W. Solberg_
Joshua W. Solberg

21